JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-2736 JGB (AJRx)** | Date | February 17, 2026 |
|---|---|---|---|
| Title | ***Hoang Minh Le v. D and Z Properties, LLC*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DISMISSING Plaintiff's Complaint for Failure to Prosecute; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

On October 16, 2025, Plaintiff Hoang Minh Le ("Plaintiff") filed a complaint. ("Complaint," Dkt. No. 1.) On February 3, 2026, the Court issued an order to show cause and a limited scheduling order. ("OSC," Dkt. No. 17.) The OSC provides the following:

Plaintiff shall identify the amount of statutory damages that Plaintiff seeks to recover. Plaintiff and Plaintiff's counsel shall also support their responses to the OSC with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code Sections 425.55(b)(1)-(b)(2). **Plaintiff shall file a Response to this OSC no later than February 10, 2025.**

(OSC at 1.)

In the present case, Plaintiff failed to timely respond to the OSC. The Court previously warned Plaintiff that "[f]ailure to timely or adequately respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice (Id. at 2.).

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases

with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980).  Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  Plaintiff has unreasonably delayed this action without explanation by failing to respond to the Court's OSC.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket."  Ferdik, 963 F.2d at 1261.

Additional delay will prejudice Defendant, forcing them to spend needless resources defending this action.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay.").  Moreover, less drastic sanctions are not realistic.  The Court has already issued an Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).  "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)).  In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety.  See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to prosecute and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk MG